UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL THOMAS MAY,<br><br>　　　　　Petitioner,<br>　　v.<br><br>FELIPE MARTINEZ JR., Warden,<br><br>　　　　　Respondent. | Case No. 2:20-cv-8532-PA (SP)<br><br>MEMORANDUM AND ORDER DISMISSING PETITION FOR FAILURE TO PROSECUTE |

## I.

## **INTRODUCTION**

　　On September 15, 2020, petitioner Russell Thomas May, a federal prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"). Petitioner indicates he is challenging a prison disciplinary conviction from November 2019. He contends the Bureau of Prisons denied him access to the courts by denying repeated requests to purchase stamps, violated his right to freedom of speech free of retaliation by writing an incident report after his requests and attempts to purchase stamps, and violated his due process rights in multiple respects in connection with his disciplinary hearing.

1

On September 22, 2020, the Court issued an Order Requiring Response to the Petition. In paragraph 12 of that Order, the Court instructed petitioner: "Petitioner shall immediately notify the court and counsel for respondent of any change of petitioner's address. If petitioner fails to keep the court informed of where petitioner may be contacted, this action will be subject to dismissal for failure to prosecute. *See* Local Rule 41-6."

Petitioner's address of record when he filed this case was the Federal Correctional Complex at Lompoc, California ("FCC Lompoc"), the address petitioner gave on his Petition. On September 29, October 2, and October 6, 2020, mailings from the Court to petitioner at FCC Lompoc were returned as undeliverable. The Bureau of Prisons online Inmate Locator indicates petitioner is now housed at the Federal Correctional Institution at Oakdale, Louisiana ("FCI Oakdale"). Per Local Rule 41-6, petitioner had 15 days to notify the Court of his change of address since the Court's mailings to petitioner were returned as undeliverable, which he failed to do. Meanwhile, on October 22, 2020, respondent filed a Motion to Dismiss for failure to raise a cognizable claim and failure to raise a claim for which the Court can grant relief.

To provide petitioner with an opportunity to address his failure to comply with the Court's September 22, 2020 Order, on October 30, 2020, the Court issued an Order to Show Cause ("OSC") why the Petition should not be dismissed for failure to prosecute. The Court ordered petitioner to show cause, on or before November 13, 2020, why this action should not be dismissed for failure to prosecute and/or comply with a Court order. Petitioner was warned in the OSC that failure to timely file and serve a response as directed would be deemed by the Court as consent to the dismissal of his Petition and this action. In addition to sending a copy of the OSC to petitioner at FCC Lompoc, the Court also mailed a

copy to petitioner at FCI Oakdale.

Several months having passed since the November 13, 2020 deadline, petitioner has not responded to the Court's OSC, and has not communicated with the Court since the filing of his Petition on September 15, 2020. Petitioner has thus failed to prosecute this action, in contravention of the Court's orders. As such, this action will be dismissed without prejudice.

## II.

## DISCUSSION

It is well established that a district court has authority to dismiss a party's action because of his or her failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (weighing factors); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

In *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988), the Ninth Circuit affirmed the district court's dismissal of a case for failure to prosecute. The Ninth Circuit cited the following factors as relevant to the district court's determination of whether dismissal of a pro se party's action for failure to prosecute is warranted: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" *Id.* at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In this case, the Court issued an Order Requiring Response on September 22, 2020, instructing the petitioner to notify the Court of any changes to his address. On September 29, October 2, and October 6, 2020, the Court's mailings to petitioner at FCC Lompoc were returned as undeliverable, and petitioner failed to notify the Court of his change of address. On October 30, 2020, petitioner was then ordered to show cause why his Petition should not be dismissed for failure to prosecute. Petitioner failed to respond to the Court's October 30, 2020 OSC by the November 13, 2020 deadline, or at all, even though the OSC was also mailed to petitioner at FCI Oakdale. Petitioner was warned in both the Court's September 22, 2020 Order and the Court's October 30, 2020 OSC that his failure to respond as directed may result in dismissal of this action, but petitioner failed to respond as ordered. Petitioner's failure to follow the Court's orders and to prosecute his case has caused this action to languish, impermissibly allowing petitioner to control the pace of the docket rather than the Court. *See Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). Petitioner's conduct indicates that he does not intend to litigate this action diligently, or at all. Thus, the first and second factors weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

A rebuttable presumption of prejudice to an opposing party arises when a party unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted here. Where a party offers a poor excuse for failing to comply with a Court's order, the prejudice to the opposing parties is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. Here, petitioner has not offered any excuse for his failure to

adequately respond to the Court's orders.  Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's or petitioner's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics.  *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991).  By failing to comply with either the Court's September 22, 2020 Order or the Court's October 30, 2020 OSC, petitioner has not discharged this responsibility.  Given plaintiff's neglect in responding to the Court's orders and deadlines, the public policy favoring resolution of disputes on the merits does not outweigh petitioner's failure to comply with Court orders or move the case forward.  *See id.; see also In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) ("[A] case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits.").  Thus, the fourth factor also weighs in favor of dismissal.

The fifth factor, the availability of less drastic sanctions, ordinarily counsels against dismissal.  "Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the Court, . . . dismissal of the suit unless new counsel is secured [,] . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel. . . ." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987) (citation and internal quotation marks omitted).  Warning the petitioner that failure to obey a Court order will result in dismissal "can itself suffice to meet the 'consideration of alternatives' requirement." *Estrada v. Speno & Cohen*, 244 F.3d 1050, 1057 (9th Cir. 2001).

The Court attempted to avoid dismissal by: (1) issuing the September 22,

2020 Order instructing petitioner to immediately notify the Court of any changes to his current address; (2) after mail was returned undeliverable from petitioner's address of record, issuing the October 30, 2020 OSC offering petitioner another opportunity to correct his address of record with the Court, and mailing the OSC to petitioner at his believed new address; and (3) waiting several months beyond the deadline for petitioner to respond to the OSC before issuing this Order. In addition, dismissal without prejudice is less drastic than dismissal with prejudice. Because there appears to be no less drastic sanction than dismissal without prejudice now available, and because the Court warned petitioner of the consequences of his failure to respond, the fifth factor weighs in favor of dismissal.

Based on the foregoing, dismissal of the Petition without prejudice is warranted for failure to prosecute and to obey Court orders.

## III.
## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered dismissing the Petition and this action without prejudice.

DATED: June 9, 2021

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE